843 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Francis Marion CAVE, Appellee,
v.
JOHNS-MANVILLE CORP., et al., Defendants,
and
Pittsburgh Corning Corporation; United States Gypsum
Company; National Gypsum Company, Appellants.
Charles Wesley MANN, Administrator of the Estate of
Elizabeth Frances Mann, Deceased, Appellee,
v.
UNITED STATES of America, Appellant.
 Nos. 85-1864, 85-1865.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 4, 1986.
Decided: Feb. 19, 1988.
 
 Archibald Wallace III (William N. Watkins; Sands, Anderson, Marks & Miller, on brief), for appellants Pittsburgh Corning Corporation, Inc., et al.
 Roger K. Davis, United States Department of Justice (Richard K. Willard, Assistant Attorney General; Justin W. Williams, Acting United States Attorney; Harold J. Engel, Deputy Director, Torts Branch, Civil Division; Joseph B. Cox, Jr., Assistant Director, on brief), for appellant United States of America.
 Joel I. Klein (Richard G. Taranto; Onek, Klein & Farr; Robert R. Hatten; Donald N. Patten; Patten, Wornom & Watkins; Richard S. Glasser; Glasser & Glasser, on brief), for appellees.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 These interlocutory appeals were brought pursuant to 28 U.S.C. Sec. 1292(b)[1] and have been consolidated for review. In No. 85-1865, the United States appeals from the district court's order denying its motion to dismiss or, in the alternative, for summary judgment in Charles Wesley Mann's negligence action brought against the government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 1346(b) and 2671. In No. 85-1864, Pittsburgh Corning Corporation, United States Gypsum Company, and National Gypsum Company (the "Companies") also appeal from the same district court order, which denied their motion to dismiss or, in the alternative, for summary judgment in Francis M. Cave's diversity action alleging negligence and breach of implied warranties of safety. These cases were held in abeyance pending this Court's en banc decision in Auer v. Kawasaki, 830 F.2d 535 (4th Cir.1987). After considering these cases in light of Auer, we now affirm in part; reverse in part; and remand.
 
 I.
 
 2
 Both actions involve claims by plaintiffs concerning damages arising out of exposure to asbestos. In his action, Mann, as administrator of the estate of his deceased wife, alleges that his wife died of mesothelioma caused by her exposure to asbestos dust brought home by him from the Norfolk Naval Shipyard during the course of his employment there from 1946 until 1973. Plaintiff asserts that the United States is liable in negligence for that exposure. Before filing the instant action, Mann had filed a diversity action against thirteen manufacturers of asbestos-containing products, contending that his wife's death was due to exposure to asbestos dust which he brought home with him from the Norfolk Naval Shipyard and which had resulted from the use of defendants' products (Mann I ). Plaintiff alleged negligent design and manufacture of the asbestos-containing products, breach of implied warranties, and fraud. The United States was impleaded into that action, based upon FTCA.
 
 
 3
 Mann entered into settlement agreements with four of the defendants in Mann I, and they were dismissed from that action. He then filed the present action against the United States (Mann II ). The government filed a motion for dismissal of the complaint in Mann II, or, in the alternative, for summary judgment upon the ground that Mann's settlement with four defendants in Mann I effected the release of non-settling alleged joint tortfeasors, including the United States. Raymark Industries, Inc., another defendant in Mann I, filed a similar motion in that case.
 
 
 4
 In his action, Cave claims that he developed asbestosis as a result of exposure to asbestos insulation products manufactured by one or more of the Companies during his twenty-year employment in the construction industry. During the pendency of his action, Cave entered into settlement agreements with two defendants named in his complaint, Owens-Corning Fiberglas Corporation and the Celotex Corporation, and the district court entered orders dismissing those defendants. Subsequently, National Gypsum Company filed a motion, which was joined in by Pittsburgh Corning Corporation and United States Gypsum, to dismiss or, in the alternative, for summary judgment, on the ground that Cave's settlements with the other two companies operated as a release of all of the remaining defendants.
 
 
 5
 The district court considered the motions of the government, Raymark Industries, Inc., and the Companies together. Relying upon Gamewell Mfg., Inc. v. HVAC Supply, Inc., 715 F.2d 112 (4th Cir.1983), the court ruled that federal common law, and not state law, governs the effect that settlement with one tortfeasor has on other joint tortfeasors in all federal cases, including actions brought pursuant to FTCA or in diversity. The district court denied the motions, concluding that the appropriate federal rule is that a party's release of one joint tortfeasor releases only those parties whom he expressly intended to release. The court further held, assuming federal common law did not govern the issue, that, as to the Mann cases, Va.Code Sec. 8.01-35.1 (1984),[2] rather than Virginia common law, would determine the outcome. Nevertheless, the district court concluded that there were controlling questions of law as to which there are substantial grounds for dispute, and it certified its ruling for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). The United States and the Companies appealed, and this Court agreed to hear these interlocutory appeals. No appeal was filed by Raymark Industries, Inc. For the reasons that follow, we affirm the judgment in Mann II and reverse the decision with respect to Cave.
 
 II.
 
 6
 Appellants contend that the district court erred in holding that federal, and not state law, governs the effect of plaintiffs' settlements on the release of non-settling, joint tortfeasors, arguing, inter alia, that Gamewell does not control here. We are constrained by this Court's decision in Auer v. Kawasaki, supra, and agree.
 
 
 7
 In Gamewell, the issue before this Court was "whether state law should be adopted as the federal rule of decision to govern the enforceability of settlement agreements." 715 F.2d at 113-14. In that case, we held that:
 
 
 8
 Settlements and releases assertedly entered into in respect of federal litigation already in progress implicate federal procedural interests distinct from underlying substantive interests of the parties. Once a claim--whatever its jurisdictional basis--is initiated in the federal courts, we believe that the standards by which that litigation may be settled, and hence resolved short of adjudication on the merits, are preeminently a matter for resolution by federal common law principles, independently derived.
 
 
 9
 Id. at 115 (footnote omitted) (citation omitted).
 
 
 10
 Our subsequent decision in Auer makes clear that "[t]he focus must change dramatically, however, when the question is the effect of a release upon the rights and duties of third parties. When those substantive rights and duties are derived from state law, the effect upon them by another party's settlement must be determined under state law." Id. at 538 (citations omitted).[3] We therefore conclude that the district court erred in each of these cases in holding that federal common law, and not state law, governs the effect of the releases on nonsettling joint tortfeasors.
 
 III.
 A. Mann v. USA
 
 11
 The district court correctly found that, in asbestos cases, a claimant's cause of action accrues at the time of injury.[4] The court further concluded that, "... it is clear that in no event did decedent's injury occur prior to July 1, 1979, the date the new Virginia law [Sec. 8.01-35.1] ... went into effect." It is also evident that Mann's earlier settlement with the four defendants in Mann I did not provide for the discharge of liability of any other joint tortfeasor. We conclude, therefore, that the district court's judgment in favor of Mann must be affirmed as governed by Va.Code Sec. 8.01-35.1.
 
 
 12
 B. Cave v. Pittsburgh Corning Corp., et al.
 
 
 13
 Cave filed his complaint on November 30, 1977. There can be no question, therefore, but that Cave's injury occurred prior to the 1979 enactment of 8.01-35.1. Since jurisdiction is based solely on diversity, the Virginia common law rule that the release of one joint tortfeasor releases all joint wrongdoers controls here. The district court's judgment with respect to Cave must accordingly be reversed and remanded to the district court for disposition consistent with this opinion.
 
 
 14
 AFFIRMED in part; REVERSED in part; and REMANDED.
 
 
 
 [1]
 28 U.S.C. Sec. 1292(b) provides that:
 When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
 See also Fed.R.App.P. 5.
 
 
 [2]
 Section 8.01-35.1 provides that a release or covenant not to sue does not discharge any other joint tortfeasor unless its terms so provide
 
 
 [3]
 Gamewell was a case involving patent infringement, a claim arising solely from federal law. As we noted in Auer, "[s]uch a claim is far removed from state law and substantive rights that are creatures of state law." (citations omitted)
 
 
 [4]
 Locke v. Johns-Manville Corp., 275 S.E.2d 900 (1981)